Clyde SPANN, Appellant

v.

RICHMOND FREDERICKSBURG AND POTOMAC RAILROAD COMPANY, a body corporate, Appellee.

No. 15168.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 8, 1959.

Decided Dec. 23, 1959.

---

**828**

Mr. Bernard M. Savage, Baltimore, Md., with whom Mr. Richard W. Turner, Washington, D. C., was on the brief, for appellant.

Mr. William B. Jones, Washington, D. C., with whom Mr. Roman J. Gerber, Washington, D. C., was on the brief, for appellee.

Before Mr. Justice BURTON, retired,[*] FAHY, and BURGER, Circuit Judges.

FAHY, Circuit Judge.

Appellant was a passenger train engineer employed by the appellee railroad. He sued the railroad under the Federal Employers' Liability Act[1] for injuries suffered in the course of his employment. The jury awarded him a total of $15,-000.00 damages, of which about $6,500.-00 represented pecuniary loss, the balance being attributable to the physical injuries. The trial court, however, set aside the verdict and entered judgment for the railroad, being of the view that as matter of law the appellant had not shown negligence on the part of the rail-road. We think the evidence supported the jury's finding of negligence and that accordingly the verdict and judgment for appellant should be reinstated.

The case on negligence rests on appellant's claim that the railroad failed to exercise due care to provide him a safe place to work in the circumstances now to be stated. Appellant had occasion to take his engine for servicing and repair to certain inspection pits of the railroad in the area of the Washington Terminal. At the particular inspection tracks onto which he piloted his engine there were three parallel pits, one directly under and one on each side of the tracks. The pit on each side was about one hundred and fifty-five feet long, four feet wide, and two feet five or six inches deep. The lower rung of the steps to the engine cabin was about twelve or fourteen inches above the top of the rails, so that from this lower rung to the bottom of the pit was at least three feet five inches.

After finishing certain tests in the engine cabin appellant in due course sought to alight from the engine. He opened the door on his side of the cabin, turned around, took hold of the grab handles available for the purpose, backed down the steps while facing the engine, and stepped into the open pit beside the tracks, thus suffering the injuries of which he complains.

On the other side of the engine cabin the railroad had provided a plank platform some twenty-one feet long extending over the pit so as to enable one descending in ordinary manner from that side to step onto this protection at the ground level. And appellant in fact was supposed to use that side in alighting; a General Order had been issued by the railroad about these pits, which were new, advising train crews to "use platform on north west end of new pits to alight from locomotives when able to stop on pit." We assume from the evidence as a whole that appellant had read

[*] Sitting by designation pursuant to 28 U.S.C. § 294(a).

1. 35 Stat. 65 (1908), as amended, 36 Stat. 291 (1910), 53 Stat. 1404 (1939), 45 U.S.C. §§ 51–60 (1958).

this admonition, and it is also true that notwithstanding these pits were relatively new he had used them some four or six times. In his long employment by the railroad, however, since 1926, principally as a freight engineer, he was more familiar with the old inspection tracks. These had only one pit, directly under the tracks, with none on either side of the tracks, in contrast with the new pits where the accident occurred. In any event, assuming that appellant was contributorily negligent in alighting the way he did on the side he used, the terms of the Act preclude contributory negligence from barring recovery, though "the damages shall be diminished by the jury in proportion to the amount of negligence attributable to" the employee.[2]

The appeal involves no issue as to proximate cause or amount of damages. It calls simply for decision of the question whether the evidence was sufficient to require the court to leave for jury resolution the issue whether the railroad in the circumstances used reasonable care in furnishing appellant a safe place to work. Bailey v. Central Vermont Ry., 319 U.S. 350, 351, 63 S.Ct. 1062, 87 L. Ed. 1444. Considering the nature and construction of the pits, their proximity to the steps for alighting from the engine cabin, the lack of any covering over any part of the pit on the engineer's side, the part that habit might reasonably be known to play in the use by an engineer of his normal means of exit from his own side of the cabin, the relative newness of a pit parallel to the tracks where the engine rested for inspection, and the absence of any warning at the site of the pit that the engineer should leave his cabin by the opposite side where there was a protective platform over the pit, the issue of the employer's negligence was not one of law to be decided by the court adversely to the employee. It was an issue of fact for the jury to resolve.

This would be true even were we to assume that the "north west" side had been made a safe place to work; for the railroad's obligation is not limited to only a portion of the working place.

The evidence brings the case well within the test of a jury case under the Act, stated by the Supreme Court to be,

"simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee's contributory negligence. Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death. Judges are to fix their sights primarily to make that appraisal and, if that test is met, are bound to find that a case for the jury is made out whether or not the evidence allows the jury a choice of other probabilities. The statute expressly imposes liability upon the employer to pay damages for injury or death due 'in whole or *in part*' to its negligence." (Footnotes omitted.)

Rogers v. Missouri Pac. R. Co., 352 U.S. 500, 506–507, 77 S.Ct. 443, 448, 1 L.Ed. 2d 493. And see Harris v. Pennsylvania R. Co., 361 U.S. 15, 80 S.Ct. 22, 4 L.Ed. 2d 1 (per curiam); Conner v. Butler, 361 U.S. 29, 80 S.Ct. 21, 4 L.Ed.2d 10 (per curiam). Compare Inman v. Baltimore & Ohio R. Co., 80 S.Ct. 242.

Reversed and remanded for reinstatement of the judgment for plaintiff, appellant.

2. 35 Stat. 66 (1908), 45 U.S.C. § 53 (1958).